JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge David T. Matia that denied Dwayne Fair's petition for postconviction relief under R.C. 2953.21. Fair claims the judge erred in finding that his petition was barred by res judicata and by failing to hold a hearing before ruling on it. We reverse and remand
 {¶ 2} Fair was arrested for his involvement in an alleged cocaine sale that occurred on January 3, 2001, after which police executed a search warrant and discovered a small amount of cocaine in a search of his home. After a judge dismissed federal charges because of evidentiary uncertainty in identifying him as the person present at the drug sale, Fair was indicted and tried in common pleas court. A jury convicted him of one count of trafficking in cocaine[1] and two counts of cocaine possession;[2] one of the possession charges was based on the same transaction as the trafficking charge, and the other was based on the cocaine found in his home.
 {¶ 3} Fair's presence and identity at the drug sale were evidenced through a videotape of the transaction, which was admittedly of poor quality, and eyewitness testimony of a police detective who was present during the sale. There was evidence that Fair called a confidential informant, also present at the drug transaction, from his cellular phone shortly after the sale, and this fact was used to infer his involvement in the transaction. The guilty verdict was affirmed on appeal, but the case was remanded for resentencing.[3]
 {¶ 4} Fair's postconviction petition alleged that he received ineffective assistance of counsel because his lawyer failed to present alibi evidence concerning the cell phone call. He claimed he could not have been involved in the sale because the call, which he placed between eighteen and twenty minutes after the drug transaction, was made from a location that he could not have reached within that time. The judge denied the petition without a hearing.
 {¶ 5} Fair asserts three assignments of error set forth in Appendix A. He first claims the judge made and relied upon erroneous factual findings because his ruling misstates the charges contained in the indictment, the date of the conviction, and the date the postconviction petition was filed. These errors concern background facts and do not affect the assessment of his postconviction claims, but Fair nonetheless argues that the judge's conclusions of law are "suspect" because of the erroneous findings. This reasoning cannot support relief unless the findings formed the basis of the judge's ruling. When a factual finding is not important to the ruling, an error in making that finding is harmless.[4] The first assignment is overruled.
 {¶ 6} Fair next contends that the judge erroneously found his postconviction petition barred by res judicata. The judge's ruling made a general statement that the petition was barred by res judicata, but the ruling did not give reasons for this conclusion or state why any particular claim was barred. When evidence is available and capable of discovery prior to trial, postconviction claims based upon that evidence are res judicata.[5] However, a postconviction claim can be based upon ineffective assistance of counsel if the lawyer failed to present available evidence and if the facts showing ineffective assistance could not have been presented at trial or on appeal.[6]
 {¶ 7} Fair's petition alleges that his lawyer failed to use evidence that the cellular phone call was routed through a "cell site" at 457 Richmond Road in Richmond Heights. He claims that the cell site address shows that he was at the Richmond Road location at the time the phone call was made, and that he could not have reached that address in Richmond Heights from the site of the drug transaction in North Royalton in the time between the drug sale and the time the call was made. He alleged that even though his lawyer knew of the cell site evidence through discovery of the phone records, he failed to use that evidence at trial and failed to inform his client of the records' existence. Because the cell site evidence was not presented at trial and the discovery documents were not included in the original trial record, the ineffective assistance claim could not be raised on direct appeal.
 {¶ 8} Had the judge's ruling relied solely on the conclusion that the ineffective assistance claim was res judicata, we would agree that relief was necessary. However, the judge also addressed the ineffective assistance claim on its merits, and he found that Fair was not prejudiced by the failure to present the cell site record at trial. Because the judge addressed Fair's ineffective assistance claim on its merits, the second assignment is overruled.
 {¶ 9} The final assignment argues that the judge erred in denying the petition without a hearing on the merits. A postconviction hearing should be granted "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief."[7] Therefore, a hearing is not required if the record, as supplemented by the petition and its supporting evidence, shows that Fair cannot establish ineffective assistance of counsel, which requires a showing that the lawyer's conduct fell below professional standards and that the defendant was prejudiced as a result.[8]
 {¶ 10} According to the petition, the detective testified that Fair left the site of the drug sale, 18373 State Road in North Royalton, sometime between 5:08 and 5:10 p.m. on Wednesday, January 3, 2001. At 5:39 p.m., Fair arrived at work at 363 Curtiss Wright Parkway in Richmond Heights, near the Cuyahoga County airport. In his alibi defense, Fair argued that he could not have driven from North Royalton to his job in Richmond Heights that quickly. At trial the detective testified that he drove from the North Royalton address to the Richmond Heights address in thirty-six minutes, the jury found Fair guilty, and his conviction was affirmed on direct appeal.
 {¶ 11} Fair claims his lawyer should have presented evidence that his cellular call, which was made at 5:28 p.m., bore a "cell site address" of 457 Richmond Road in Richmond Heights. He claims that this evidence, which places him in Richmond Heights ten minutes earlier than the evidence of his arrival at work, would have strengthened his alibi defense because even if the jury believed he could make it to his workplace within thirty minutes, it was highly unlikely that he could arrive at the Richmond Road location within twenty minutes of leaving North Royalton.
 {¶ 12} The phone records show only that Fair's call was routed through the cell site address at Richmond Road; this does not establish Fair's location at the time the call was made, but shows only that he was nearest his carrier's transmitting equipment located at that address.[9]
Without evidence showing a more exact location, this evidence is inconclusive. However, the cell site evidence corroborates the evidence of his arrival at his workplace at 5:39 p.m., and this corroboration might have influenced a jury that otherwise determined that the workplace time records were inaccurate or otherwise mistaken.
 {¶ 13} Fair also raises another issue concerning telephone records, which we consider here even though he included it in his first assignment of error. He claims that subsequent phone records corroborate his account of a phone message he left for the police detective after he was arrested, in which he attempted to show that he had been mistaken for someone else. He claims the police detective's contrary testimony concerning the phone message destroyed his credibility and adversely affected him beyond the resolution of that issue. Fair's argument, however, depends upon an examination of the trial transcript, which is not part of the record on appeal.
 {¶ 14} Instead of defeating Fair's claims, the lack of a transcript in fact shows the judge failed to consider the complete trial record before he denied the petition without a hearing. R.C. 2953.21(C) requires the judge to determine whether a hearing is required before ruling on the petition, and states:
In making the determination, the court shall consider, in addition tothe petition, the supporting affidavits, and the documentary evidence,all the files and records pertaining to the proceedings against thepetitioner, including, but not limited to, the indictment, the courtsjournal entries, the journalized records of the clerk of the court, andthe court reporter's transcript. The court reporter's transcript, ifordered and certified by the court, shall be taxed as court costs.
 {¶ 15} There must be an available transcript of the proceedings in this case,[10] but none appears in the trial record. There is no record that the judge ordered a transcript prepared, nor is there any record that the judge obtained an existing transcript from another source, such as that prepared for Fair's direct appeal. Had the judge obtained the transcript from another source, this fact would have to be recorded. The record on appeal should include all material considered by the trial judge,[11] and thus the existence and consideration of a transcript must be revealed to the appellate panel in some way.
 {¶ 16} The record's lack of a transcript or a reference thereto shows that the judge failed to obtain and consider the entire record.[12]
This failure is a violation of the duty set forth in R.C. 2953.21(C), which requires the judge to consider the transcript before deciding whether to grant a hearing. Because the judge failed to consider the full record, we sustain Fair's third assignment of error in part, and remand for a proper determination under R.C. 2953.21(C).
Judgment reversed and cause remanded.
 APPENDIX A: APPELLANT'S ASSIGNMENTS OF ERROR {¶ 17} "I. The trial court erred in making findings of facts and conclusions of law that do not conform to the record and in basing its decisions upon the erroneous findings and conclusions.
 {¶ 18} "II. The trial court erred in concluding that appellant's claim as to the cell site address was barred by res judicata.
 {¶ 19} "III. The trial court erred in failing to hold an evidentiary hearing on the evidence presented in the petition for postconviction relief."
KENNETH A. ROCCO, A.J., And DIANE KARPINSKI, J., Concur.
[1] R.C. 2925.03.
[2] R.C. 2925.11.
[3] State v. Fair, Cuyahoga App. No. 80501, 2002-Ohio-5561. The facts stated here are gleaned from that opinion, Fair's petition, and the available record which, as will be discussed, does not include the trial transcript.
[4] Civ.R. 61; Ciesielczyk v. Ogg, (Aug. 20, 2001), Stark App. No. 2000CA00359.
[5] State v. Szefcyk, 77 Ohio St.3d 93, 96, 1996-Ohio-337,671 N.E.2d 233.
[6] State v. Smith (1985), 17 Ohio St.3d 98, 101, 17 OBR 219,477 N.E.2d 1128.
[7] R.C. 2953.21(E); State v. Calhoun, 86 Ohio St.3d 279, 282-283,1999-Ohio-102, 714 N.E.2d 905.
[8] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Johnson, 88 Ohio St.3d 95,108, 2000-Ohio-276, 723 N.E.2d 1054.
[9] See Section 2803.1-2(d)(1)(vii), Title 43, C.F.R. (defining cellular system as including "cell sites containing transmitting and receiving antennas"); Section 20.18(d), Title 47, C.F.R. (requiring carriers to provide "location of cell site or base station receiving call").
[10] Crim.R. 22.
[11] State v. Petralia, Lake App. No. 2001-L-101, 2003-Ohio-1745, at ¶ 35, citing State v. Eppinger, 91 Ohio St.3d 158, 166,2001-Ohio-247, 743 N.E.2d 881.
[12] Reasoner v. Columbus, Franklin App. No. 02AP-831, 2003-Ohio-670, at ¶ 13.